UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ENVIRONMENTAL ENERGY<br>SERVICES, INC., d/b/a EES, INC.,<br>    Plaintiff,<br><br>    v.<br><br>KWANG S. PAK, TEXCHEM KOREA<br>CO., LTD., and EES KOREA CO., LTD.,<br>    Defendants. | No. 3:16-cv-777 (SRU) |

## ORDER REGARDING AWARD OF ATTORNEYS' FEES AND COSTS

I assume the parties' familiarity with the facts as stated in my prior ruling on the motion for default judgment filed by Environmental Energy Services, Inc. ("EES"), filed on March 27, 2017. *See* Doc. # 34. In that ruling, I awarded EES *reasonable* attorneys' fees that will be determined upon my review of an affidavit and timesheets submitted by counsel for EES. On April 10, 2017, counsel for EES submitted two affidavits and accompanying time sheets that contained the requested information.

The decision whether to award attorneys' fees and the extent to which such fees should be awarded falls within the discretion of the district judge who oversaw the litigation and had the opportunity to observe the work required of counsel to prosecute the action. *See Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc.*, 962 F.2d 268, 272 (2d Cir. 1992) (citing *Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 114 (2d Cir. 1988), *cert. denied*, 490 U.S. 1006 (1989)); *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989). "The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110,

117 (2d Cir. 2007)). "The presumptively reasonable fee is comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours." *Prof'l Plumbing of Staten Island*, 2010 WL 6230530 at *7 (E.D.N.Y. Nov. 7, 2010) (internal citations and quotation marks omitted). "The party seeking fees bears the burden of establishing that the number of hours for which it seeks compensation is reasonable." *Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC.*, 553 F. Supp. 2d 201, 208 (E.D.N.Y. 2008); *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994).

A review of the information submitted to the court reveals that counsel for EES seeks $92,455.00 in attorneys' fees and $18,541.50 in costs, for a total of $110,996.50. The majority of those fees are based upon the time sheets submitted by the two lead attorneys in this case, Brian Collins and Richard Gilly. Together, they spent 258.8 hours and billed $91,586.50—all for a case that resulted in a default judgment and in which the defendants never appeared. Although their respective hourly rates, $275/hour for Collins and $450/hour for Gilly are within the range of reasonableness, the total amount of time billed for this type of action is not.

When reducing counsel's request for attorneys' fees, district courts have been instructed to consider a number of factors, known as the *Johnson* factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*U.S. Football League*, 887 F.2d at 415 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). I will focus on factors one, two, and twelve.

With respect to the first *Johnson* factor, the work required of EES's counsel in this action consisted of (1) drafting a seventeen-page complaint; (2) arranging for service on foreign defendants, in accordance with the Hague Convention; (3) filing an unopposed motion for a temporary restraining order and/or preliminary injunction; (4) participating in three short phone conferences with the court—primarily to clarify issues that were not adequately explained in their written applications to the court; (5) and filing a motion for default judgment. Although I understand that such actions involved researching various areas of intellectual property law and involved a somewhat complex manner of service upon the foreign defendants, the amount of time and money spent fighting an unopposed battle is unreasonable.

For example, Collins and Gilly indicated that they spent, together, approximately 120 hours working on the case before the complaint was even filed. *See* Doc. # 37. With such large amount of time invested prior to the filing of this action, one would expect the amount of subsequent work required to make additional filings would be significantly reduced. That is not the case. Collins indicated that he spent approximately 20 additional hours preparing for and filling a motion for default judgment, and an additional 20 hours preparing for and filing a supplemental motion for default judgment. *Id.* It should be noted that the supplemental motion was only necessary, in the court's view, because EES's prior motion contained insufficient evidence to support granting the motion. During this time, Gilly spent approximately 20 hours supervising Collins filing of the motion for default judgment and subsequent supplemental filings. *Id.*

With respect to the second *Johnson* factor, the complexity of a case that resulted in a default judgment is limited. As stated before, I do not discount the fact that service in this case was more difficult than an ordinary case due to the need to comply with international law. Other

than that, the legal complexity of the case is limited. This case involves a fairly straightforward contract dispute followed by a misappropriation of EES's intellectual property. The motion for preliminary injunction and subsequent motions for default judgment contained straightforward application of Second Circuit precedent involving the relevant standards of review for each motion and some blanket statements of law with respect to each cause of action. The fact that none of EES's motions was opposed lends even further support to the notion that this action was not a complex action to prosecute.

Turning to the twelfth *Johnson* factor, I consider awards for attorneys' fees in actions similar to this one. In *Hilton v. Int'l Perfume Palace, Inc.*, the plaintiff brought an action that alleged various state and federal claims, including trademark infringement, trademark dilution, trade dress infringement, and unfair competition under the Lanham Act. *Hilton v. Int'l Perfume Palace, Inc.*, 2013 WL 5676582, at *2 (E.D.N.Y. Oct. 17, 2013). That action resulted in a default judgment in which counsel for the plaintiff requested an award of approximately $60,000 in attorneys' fees. Concluding that such a request was too high, the Court determined that an award of approximately $50,000 would be reasonable. *Id.* In *AW Indus., Inc. v. Sleepingwell Mattress Inc.*, the plaintiff brought four claims: (1) infringement of a federally registered trademark, (2) use of false designations or origin and false representations in commerce, (3) common law trademark/unfair competition, and (4) unfair competition, in violation of a New York state statute. *See* 2011 WL 4404029, at *2 (E.D.N.Y. Aug. 31, 2011), *report and recommendation adopted*, 2011 WL 4406329 (E.D.N.Y. Sept. 21, 2011). The plaintiff sought a permanent injunction, money damages, and attorneys' fees and costs, through a motion for default judgment. The Court rejected the plaintiff's request for $73,378.30 in attorneys' fees as excessive and noted that a certain portion of those fees were spent on actions unrelated to the

4

instant case. *Id.*, at *8.  Ultimately, the Court awarded $20,771.50 in attorneys' fees after concluding that it was reasonable to expend 71 hours for what amounted to "uncontested litigation." *Id.*, at *9.  Finally, in *Krasnyi Oktyabr, Inc. v. Royal Sweet Bakery, Inc.*, the Court rejected a request for $30,640.20 in attorneys' fees, pointing out that it was "unreasonable" for counsel to have spent approximately 62 hours preparing the motion for default judgment and damages application.  2007 WL 2815808, at *7 (E.D.N.Y. Sept. 25, 2007).  The Court instead awarded $15,320.10 in attorneys' fees.  *Id.*, at *8.

Although the above actions are by no means identical to the current action, they represent a sampling of the types of fee awards ordered in cases involving uncontested litigation regarding various state and federal intellectual property and unfair competition claims.  Although I will not set forth an hour-by-hour determination of whether EES's request for attorneys' fees is reasonable, I join those courts in concluding that it is unreasonable that a client would expend $92,455.00 in attorneys' fees to prosecute a simple intellectual property dispute in which the other side failed to appear.  Taking into consideration all of the *Johnson* factors, I conclude that an award of $45,000, representing about half of the hours billed by counsel for EES, reasonably compensates them for their work done on the case.  I also award EES costs of $18,541.50, which represents the out of pocket costs expended to obtain a judgment in this action.  *See Hilton v. Int'l Perfume Palace, Inc.*, 2013 WL 5676582, at *9 (E.D.N.Y. Oct. 17, 2013) ("Out-of-pocket litigation costs are generally recoverable if they are necessary for the representation of the client.").

For the foregoing reasons, I award EES costs and attorneys' fees totaling $63,541.50.  The Clerk shall enter a judgment that reflects the award of damages in my prior ruling (doc. # 34) and an award of attorneys' fees and costs as stated in this order.

So ordered.

Dated at Bridgeport, Connecticut, this 26th day of May 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge